UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| ANDREW L. MEEKS, II,<br><br>Plaintiff,<br>v.<br><br>SORSI, *et. al.*,<br><br>Defendants. | Case No. 3:15-cv-00627-MMD-WGC<br><br>ORDER REGARDING REPORT AND RECOMMENDATION OF MAGISTRATE JUDGE WILLIAM G. COBB |

**I.   SUMMARY**

Before the Court is the Report and Recommendation of United States Magistrate Judge William G. Cobb (ECF No. 26) ("R&R" or "Recommendation") relating to Defendants' Partial Motion to Dismiss ("Defendants' Motion") (ECF No. 18) as to Count I. Defendants timely filed their objection to the R&R on May 4, 2017. (ECF No. 27.) Plaintiff did not submit a response. The Court finds good cause to accept and adopt the R&R in full.

**II.   BACKGROUND AND PROCEDURAL HISTORY**

After screening pursuant to 28 U.S.C. § 1915A, the Court permitted Plaintiff to proceed on three counts alleged in his Complaint. (ECF No. 5 at 7.) With respect to Count I, the Court found that "Plaintiff has stated colorable First Amendment freedom to exercise religion and RLUIPA[1] claims against Defendants Sorsi, East, Carpenter, Sandie, and Foster." (*Id.* at 5.)

---
[1] RLUIPA is the acronym for Religious Land Use and Institutionalized Persons Act of 2000.

The following facts alleged in the Complaint support Count I. Plaintiff is Muslim and observes Ramadan. (ECF No. 6 at 5.) During Ramadan in 2015, which fell between June 17 and July 18, 2015, Plaintiff and other prisoners at Lovelock were approved to leave their cells at 4:00 a.m. to access the unit in order to eat before sunrise, participate in pre-dawn prayers, and attend readings of the Quran. (*Id.* at 5-6.) Plaintiff was elected to lead his congregation in prayer. (*Id.* at 6.) On the morning of June 20, 2015, Defendant Sorsi refused to open cell doors at 4:00 a.m. (*Id.*) When Plaintiff asked Sorsi about this, Sorsi stated he was not a "wake up service for you Muslims!" (*Id.*) Sorsi refused to open Plaintiff's cell door again on June 24, 2015, though he did open the cell doors of the others who were participating in Ramadan services. (*Id.* at 7.) Later that same day, Sorsi refused to open the unit's activity room which had been approved for prayer times. (*Id.*)

Defendants moved to dismiss Count I, explaining that Plaintiff formally changed his faith group affiliation from Islam to the Moorish Science Temple of America ("MSTA") on March 19, 2015. (ECF No. 18 at 2; *see also* ECF No. 6 at 11.) MSTA believers typically observe Ramadan in October, between the hours of 7:00 a.m. and 7:00 p.m., instead of in the June to July period with "orthodox" Muslims. (ECF No. 18 at 2; ECF No. 18-2 at 15.) Defendants essentially argued that Plaintiff's desire to participate in both the orthodox observation of Ramadan and the MSTA observation of Ramadan is based on insincere religious belief. (*See* ECF No. 18 at 3-4.) Plaintiff responded, including a sworn statement indicating, when viewed in the light most favorable to him, that it is an exercise of his sincere religious beliefs to participate in the orthodox observation of Ramadan. (ECF No. 22 at 17-18.)

## III.   LEGAL STANDARD

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then this Court is required to "make a *de novo* determination of those portions of the [report and

recommendation] to which objection is made." *Id.*

In conducting a *de novo* review in this case, the Court evaluated Defendants' Motion using the standard for summary judgment because the motion to dismiss was properly converted into a motion for summary judgment, as explained in Part IV, infra. Summary judgment is appropriate when the pleadings, the discovery and disclosure materials on file, and any affidavits "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party," *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986), and a dispute is material if it could affect the outcome of the suit under the governing law. *Id.*

Summary judgment is not appropriate when "reasonable minds could differ as to the import of the evidence." *See id.* at 250-51. "The amount of evidence necessary to raise a genuine issue of material fact is [that which is] enough 'to require a jury or judge to resolve the parties' differing versions of the truth at trial.'" *Aydin Corp. v. Loral Corp.*, 718 F.2d 897, 902 (9th Cir. 1983) (*quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1968)). Decisions granting or denying summary judgment are made in light of the purpose of summary judgment: "to avoid unnecessary trials when there is no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994).

The moving party bears the burden of showing that there are no genuine issues of material fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982). Once the moving party satisfies the requirements of Rule 56, the burden shifts to the party resisting the motion to "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. In evaluating a summary judgment motion, a court views all facts and draws all inferences in the light most favorable to the nonmoving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008). If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set

out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4). The nonmoving party "may not rely on denials in the pleadings but must produce specific evidence, through affidavits or admissible discovery material, to show that the dispute exists," *Bhan v. NME Hosps., Inc.*, 929 F.2d 1404, 1409 (9th Cir. 1991), and "must do more than simply show that there is some metaphysical doubt as to the material facts." *Orr v. Bank of Am.*, 285 F.3d 764, 783 (9th Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient . . . ." *Anderson*, 477 U.S. at 252.

Moreover, mindful of the fact that the Supreme Court has "instructed the federal courts to liberally construe the 'inartful pleading' of pro se litigants," *Eldridge v. Block,* 832 F.2d 1132, 1137 (9th Cir. 1987) (citing *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam)), the Court will view Plaintiff's pleadings with the appropriate degree of leniency.

**IV.      DISCUSSION**

The Magistrate Judge converted Defendants' Motion into a motion for summary judgment because it relied on evidence outside of the pleadings, including Plaintiff's Faith Group Affiliation Declaration Form (ECF No. 18-1) and NDOC's Faith Group Overview (ECF No. 18-2). This was proper even though documents that are not attached to a complaint "may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim." *United States v. Ritchie*, 342 F.3d 903, 907-08 (9th Cir. 2003). The Faith Group Affiliation Declaration Form and the Faith Group Overview were not incorporated by reference into the Complaint because Plaintiff did not refer extensively to either of the documents in his Complaint. Plaintiff referred to the Faith Group Overview only once in his response to Defendants' Motion. (ECF No. 22 at 11.) Neither do these documents form the basis of his claims. Plaintiff's claims are based upon Defendants' conduct—not the forms they use to describe and record faith group membership.

1    Defendants object to the Magistrate Judge's recommendation though without raising any new arguments in their objection. (*Compare* ECF No. 27 *with* ECF No. 23.) They assert that they must prevail on Plaintiff's free exercise and RLUIPA claims in Count I as a matter of law at least because Plaintiff cannot have a sincere belief in observing Ramadan during the June to July period if he is part of the MSTA (*see* ECF No. 27 at 7).[2] The Court has reviewed the R&R and agrees with the Magistrate Judge's recommendation.

The Magistrate Judge correctly found that Plaintiff created a genuine issue of material fact to preclude summary judgment with respect to the sincerity of his religious belief, a requisite element of both his claims in Count I. (ECF No. 26 at 9.) Plaintiff provided a sworn statement that he sincerely believes he is obligated to observe Ramadan not only in October with the MSTA, but also when Ramadan is observed by "orthodox" Muslims according to the Arabic calendar (which fell between June 17 and July 18 in 2015). (ECF No. 22 at 9-10, 17-18.) The sworn statement appears to have been made on personal knowledge, and it sets out facts—the nature of Plaintiff's personal religious beliefs—that would be admissible in evidence. The sworn statement also contains a statement indicating that Plaintiff is competent to testify on the matters stated, and there is no evidence to the contrary in the materials the Court may consider on summary judgment. The issue of fact Plaintiff disputes—the sincerity of his belief—is genuine because the evidence Plaintiff offered is sufficient to ground a verdict for Plaintiff. A reasonable fact-finder could conclude based on Plaintiff's sworn statement that his beliefs about observing Ramadan are sincere. In addition, the dispute Plaintiff has raised about this fact is material because it could affect the outcome of the suit. In fact, Plaintiff's suit cannot be resolved without establishing the sincerity of his religious belief. This genuine issue of material fact is sufficient grounds to deny Defendants'

---

[2] The Defendants raise additional objections, such as the administrative chaos that would ensue if incarcerated individuals were permitted to observe religious practices not traditionally associated with the religious faith to which they belong, but the Court can dispose of the motion based on the first objection.

Motion, and the Court need not consider Defendants' other objections.[3]

Upon reviewing the R&R and records in this case, this Court finds good cause to adopt the Magistrate Judge's R&R in full.

**V. CONCLUSION**

It is therefore ordered, adjudged and decreed that the Report and Recommendation of Magistrate Judge William G. Cobb (ECF No. 26) is accepted and adopted in full.

It is further ordered that Defendants' Partial Motion to Dismiss (ECF No. 18) is converted to a motion for summary judgment and is hereby denied.

DATED THIS 31st day of August 2017.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] The Court found the Magistrate Judge's thorough and extensive analysis to be correct and well reasoned, though this motion may be disposed of based solely upon the fact question relating to the sincerity of Plaintiff's religious belief.